## COMMONWEALTH vs. PATRICK GLENNAN.

**Worcester.** September 29. — October 13, 1874. COLT & MORTON, JJ.,
absent.

Evidence to the effect that a place was a regular drinking saloon kept by A.; that
on the entrance of an officer to the place ale was poured into a sink; that A. falsely
declared it not to be ale; that there was a bar in the saloon, and men standing in
front of it who had been drinking; is sufficient to warrant a finding that A. kept
and maintained a liquor nuisance within the Gen. Sts. c. 87, § 6.

COMPLAINT on the Gen. Sts. c. 87, § 6, for keeping and main-
taining a liquor nuisance on July 1, 1873, and on divers other
days between that day and October 4, 1873.

At the trial in the Superior Court, before *Dewey*, J., Augustus
W. Keene, called as a witness for the Commonwealth, testified:

"I have known the defendant at Milford for several months,
including the time covered by this complaint; called at his place
on Main Street, July 5, 1873. When I went in the defendant
emptied the contents of a pitcher into a sink. Should say it was
ale in the pitcher. Tasted of it and it was ale. There was a
beer pump with beer on draught — this light baker's beer — not
intoxicating. No other kind of beer or liquor in the place. It
was a regular drinking saloon. There were cigars on the shelves,
and this beer pump with baker's beer on draught. Defendant
said it was baker's beer in the pitcher which he had turned into
the sink, but it was not; that the place was under attachment
and he had been put in by the attaching officer as keeper. Smith
Navin was present on October 3, 1873, and said he was the
owner; the place had been attached and the defendant had been
put in as keeper by the officer. I was in there several times —
two or three times a week after July 5, and found nothing — no
liquor. October 3, called there about 7 o'clock P. M.; the de-
fendant was not present, he went out of the place sometime be-
fore I went in. Smith Navin was behind the bar. On the bar
were tumblers, and in front men who had been in the process of
drinking." There was no other evidence in the case.

The defendant requested the presiding judge to rule that on
these facts he was entitled to an acquittal, but the presiding
judge declined so to rule, and permitted the evidence to go to
the jury, giving them instructions, to which no objection was

made. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. H. Ball*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. There was evidence to the effect that the place was a regular drinking saloon; that the defendant kept it; that ale was poured into the sink when the witness entered the place; that the defendant falsely declared that it was not ale ; and that there was a bar in the saloon, and men standing in front of it, who had been in the process of drinking. The charge against the defendant was one which could be proved by circumstantial evidence. The circumstances described by the witness were proper for the consideration of the jury, and in the absence of any evidence on the part of the defendant would justify the inference of his guilt.                                             *Exceptions overruled.*